## STATE OF CONNECTICUT *v.* CHRISTOPHER DWYER
### (AC 16111)

Foti, Schaller and Harrigan, Js.

Argued February 21—officially released July 1, 1997

*Dante R. Gallucci*, for the appellant (defendant).

*Susann E. Gill*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *John C. Smriga*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. After a jury trial, the defendant was convicted of murder in violation of General Statutes § 53a-54a and criminal possession of a firearm in violation of General Statutes § 53a-217. On appeal,[1] he claims that the trial court abused its discretion by precluding a line of inquiry during the defendant's direct examination, thereby depriving the defendant of a fair trial. We affirm the judgment of conviction.

During direct examination of the defendant, defense counsel inquired whether there came a time when the victim and a friend of the defendant named "Hagler" stopped living at the defendant's house. The defendant

---

[1] This appeal was taken originally to the Supreme Court. Pursuant to Practice Book § 4023, the Supreme Court transferred the appeal to this court.

answered affirmatively. When defense counsel asked why that occurred, the defendant responded "[b]ecause of what I heard they did." The state objected on grounds of hearsay and relevance. After defense counsel argued as to relevance, the state asked for an offer of proof. The defendant agreed to present an offer of proof but the court declined, ruling, "It's collateral," and instructing defense counsel to "get to the events." Defense counsel continued the examination on other matters relating to the shooting incident and the defendant's relationship with Leeton Wright, the brother of the victim, and Hagler.

The defendant claims that the trial court improperly precluded him from offering testimony that would have revealed bias on the part of Wright. "[E]very evidentiary ruling which denies a defendant a line of inquiry to which he thinks he is entitled is not constitutional error. . . . The defendant's rights to confront and cross-examine witnesses and to present a defense do not give him the right to have admitted any evidence he chooses. . . . In the exercise of his rights, the defendant, as well as the state, must comply with the established rules of evidence and procedure. . . . Excluding certain evidence does not vitiate the defendant's constitutional right to present a defense.

"We will not overturn a trial court's evidentiary ruling unless there is an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . With respect to the trial court's discretion, great weight is accorded the trial court's decision and every reasonable presumption will be indulged in favor of its correctness. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Smith*, 35 Conn. App. 51, 57–58, 644 A.2d 923 (1994).

In this case, the trial court, in ruling on the relevance of a single question and answer, did not preclude the

defendant from pursuing an entire line of inquiry. The defendant was not prevented from pursuing the subject of Wright's alleged bias through other questions on direct examination or through other evidence and other witnesses. Accordingly, we conclude that the trial court neither abused its discretion nor infringed the defendant's right to a fair trial.

The judgment is affirmed.