STATE OF CONNECTICUT *v.* GABRIEL BLOOMFIELD
(AC 22038)

Foti, Mihalakos and Bishop, Js.

Argued October 25, 2002—officially released January 28, 2003

*Gerald E. Bodell*, special public defender, for the appellant (defendant).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Terence D. Mariani*, assistant state's attorney, for the appellee (state).

### Opinion

PER CURIAM. The defendant, Gabriel Bloomfield, appeals from the judgment of conviction, rendered after a trial to the court, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[1] The defendant asserts that the conviction is flawed because the court (1) failed to advise him of his constitutional right to a jury trial and (2) found him guilty when the evidence was insufficient to establish guilt beyond a reasonable doubt. We are not persuaded and affirm the judgment of the trial court.

The following facts are pertinent to our resolution of the defendant's appeal. The defendant had been a friend of the victim, Alvin Slaughter, for a number of years. On April 10, 2000, at approximately midnight, the victim entered a bar where the defendant was present. An argument ensued, and the two men then departed. The victim went back to his apartment where his cousins, Bernard Foster and Zachary Dixon, were staying.

[1] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

As all three were about to depart, the defendant knocked on the door, and the victim answered. The victim denied the defendant entry into the apartment. The defendant then grabbed the victim and pushed him into the door. A struggle occurred, and the victim was stabbed several times. Dixon came to the victim's aid by hitting the defendant, who then fell down stairs. The victim was taken to a hospital and treated for multiple stab wounds. His left lung had collapsed partially, and his spleen and left kidney were bleeding.

The defendant also appeared at the hospital seeking treatment for a thumb wound. Renato Crea, a Waterbury police officer, was dispatched to the hospital to investigate the stabbing and noticed that the defendant matched the description given of the assailant. Crea arrested the defendant.

At trial, the defendant claimed he stabbed the victim in self-defense. He further claimed that he had an open retractable knife in his hand when he knocked on the victim's door, but that the knife was being used only to open a marijuana blunt. He further testified that he used the knife only when he was attacked by the victim and the cousin. On May 18, 2001, the defendant was sentenced to fifteen years in prison, with five years special parole.

I

The defendant first claims that the court failed to canvass him properly at trial regarding his right to have a jury trial.

The following additional facts are necessary for our resolution of the defendant's claim. On April 10, 2000, the defendant was arraigned, at which time he and other arraignees were advised, inter alia, of their right to plead not guilty and to have a trial by court or by jury. Subsequently, the defendant entered a not guilty plea

and elected to be tried by a jury. On August 30, 2000, the defendant's attorney sought to change his client's election to a court trial. At that time, the court thoroughly canvassed the defendant that this would be the defendant's final election. The court then found that the defendant knowingly, intelligently and voluntarily waived his right to a jury trial. On December 11 and 19, 2000, the defendant sought a jury trial, but the motions were denied in both instances.

"The right to a jury trial in a criminal case is among those constitutional rights which are related to the procedure for the determination of guilt or innocence. The standard for an effective waiver of such a right is that it must be knowing and intelligent, as well as voluntary. . . . In determining whether this strict standard has been met, a court must inquire into the totality of the circumstances of each case." (Internal quotation marks omitted.) *State* v. *Chapman*, 46 Conn. App. 24, 30, 698 A.2d 347, cert. denied, 243 Conn. 947, 704 A.2d 800 (1997), cert. denied, 523 U.S. 1063, 118 S. Ct. 1393, 140 L. Ed. 2d 652 (1998). "The determination of whether there has been an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." (Internal quotation marks omitted.) *State* v. *Henton*, 50 Conn. App. 521, 528, 720 A.2d 517, cert. denied, 247 Conn. 945, 723 A.2d 322 (1998).

This case is governed by our decisions in *State* v. *Chapman*, supra, 46 Conn. App. 24, and *State* v. *Tangari*, 44 Conn. App. 187, 688 A.2d 1335, cert. denied, 241 Conn. 901, 693 A.2d 304, cert. denied, 522 U.S. 867, 118 S. Ct. 177, 139 L. Ed. 2d 118 (1997). Because those decisions fully address the dispositive issues raised in the first claim in this appeal and provide the applicable law, and given that the defendant was canvassed fully as to his constitutional right to a jury trial and waived

that right, we are bound by such precedent. We conclude that in light of the totality of the circumstances on the record, the defendant waived his right to a jury trial and that his waiver was made knowingly, intelligently and voluntarily.

## II

The defendant's second claim is that the evidence was insufficient to find him guilty of assault in the first degree. "The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the [finder of fact] if there is sufficient evidence to support the [finder of fact's] verdict." (Internal quotation marks omitted.) *State* v. *Oberdick*, 74 Conn. App. 57, 61, 810 A.2d 296 (2002).

The state presented evidence that the defendant attacked the victim and that the defendant had stated that he would kill the victim. There was testimony by Kent Burgwardt, the emergency room physician who treated the victim, that the victim's injuries were life threatening. "[The fact finder] is free to juxtapose conflicting versions of events and determine which is more credible. . . . It is the [fact finder's] exclusive province to weigh the conflicting evidence and to determine the credibility of witnesses. . . . The [fact finder] can . . . decide what—all, none, or some—of a witness' testimony to accept or reject." (Internal quotation marks omitted.) *State* v. *Gauthier*, 73 Conn. App. 781, 787, 809 A.2d 1132 (2002), cert. denied, 262 Conn. 937, 815 A.2d 137 (2003). Therefore, we conclude that there was suffi-

cient evidence before the court to convict the defendant.

The judgment is affirmed.