CHRISTOPHER DWYER *v.* COMMISSIONER
OF CORRECTION
(AC 27981)

Flynn, C. J., and McLachlan and Lavine, Js.

Submitted on briefs May 31—officially released July 31, 2007

*Gary A. Mastronardi* filed a brief for the appellant (petitioner).

*Frederick W. Fawcett,* supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Christopher Dwyer, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On

appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly denied his habeas petition because his first habeas counsel provided ineffective assistance. We dismiss the appeal.

The record sets forth the following facts and procedural history. In May, 1995, following a jury trial, the petitioner was found guilty of murder in violation of General Statutes § 53a-54a (a) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a). Following his conviction, the petitioner was sentenced to fifty years imprisonment. This court subsequently affirmed the conviction following the petitioner's direct appeal. See *State* v. *Dwyer*, 45 Conn. App. 584, 696 A.2d 1318, cert. denied, 243 Conn. 910, 701 A.2d 335 (1997).

In 1998, the petitioner, represented by attorney Norman A. Pattis, filed his first petition for a writ of habeas corpus, alleging that his trial attorney, Dante Gallucci, had rendered ineffective assistance in the underlying criminal case. The petition alleged, inter alia, that Gallucci had failed to request jury instructions on any lesser included offenses, although the evidence supported such a request. The habeas court, *Gormley, J.*, denied the petition, noting that "[a]s far as not requesting any lesser included offense instructions, attorney Gallucci testified that under the criminal rules, he had no factual basis to request one because their defense was [that someone else] did the shooting, not the petitioner. The court cannot disagree with that analysis." The petitioner appealed from the judgment, raising only the issue of counsel's alleged ineffectiveness regarding communication of the state's willingness to enter into plea negotiations. The appeal was dismissed by this court. See *Dwyer* v. *Commissioner of Correction*, 69 Conn. App. 551, 563, 796 A.2d 1212, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002).

Thereafter, in 2003, the petitioner filed a second petition for a writ of habeas corpus, claiming that Pattis was ineffective in failing to argue properly and then raise in his 1998 habeas appeal Gallucci's failure to seek instructions on lesser included offenses at the petitioner's criminal trial. Trial on the second petition for a writ of habeas corpus was held on October 17, 2005. On June 13, 2006, the habeas court, *Fuger, J.*, denied the petition for habeas relief, finding that the petitioner had failed to show how he was prejudiced by either Gallucci's or Pattis' alleged ineffective assistance. Judge Fuger subsequently denied the petition for certification to appeal. This appeal followed.

We begin by setting forth the applicable standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004).

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine

whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 424, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006).

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . .

"The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . In *Strickland*, the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to

conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citation omitted; internal quotation marks omitted.) *Braham* v. *Commissioner of Correction,* 72 Conn. App. 1, 5–6, 804 A.2d 951, cert. denied, 262 Conn. 906, 810 A.2d 271 (2002).

The petitioner claims that his first habeas counsel, Pattis, rendered ineffective assistance when he did not include in his 1998 habeas appeal an ineffective assistance claim directed at Gallucci regarding Gallucci's failure to request instructions on lesser included offenses at the underlying trial. Although Pattis did raise the lesser included offenses issue before the habeas court, the only issue he pursued on appeal concerned Gallucci's failure to inform the petitioner of the state's willingness to enter into plea negotiations. The petitioner's claim that Pattis was ineffective for failing to raise the lesser included offenses issue in his habeas appeal is dependent on a finding that Gallucci himself also was ineffective.

The crux of the petitioner's argument is that Gallucci misunderstood the law of lesser included offenses[1] and,

---

[1] A defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to

therefore, failed to request instructions on those offenses when some evidence in the petitioner's case supported them. The only evidentiary argument offered by the petitioner in support of this claim is the statement by Gallucci at the petitioner's first habeas hearing that "I'm not crazy about [lesser included offenses] to begin with, but if the evidence supported it, I'd do it." The petitioner takes Gallucci's statement out of context with the rest of his testimony on the issue, in which he explained that an instruction on lesser included offenses would have been inconsistent with their defense because they "were denying all liability." Whether there was evidence to support instructions to the jury on lesser included offenses is irrelevant, therefore, given the course of representation chosen by the petitioner and Gallucci.

Throughout the petitioner's trial and subsequent habeas proceedings, the petitioner testified that he did not shoot the victim.[2] Therefore, Gallucci's decision not to request instructions on lesser included offenses at trial was consistent with the petitioner's claim of innocence. In fact, as the second habeas court noted in its memorandum of decision, "had [Gallucci] advocated

commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser. *State* v. *Whistnant*, 179 Conn. 576, 588, 427 A.2d 414 (1980).

[2] The following exchange occurred between the petitioner and counsel for the respondent, the commissioner of correction, at the petitioner's first habeas hearing:

"[The Respondent's Counsel]: So, your claim all along has been innocence? You've maintained all along—

"[The Petitioner]: Yeah.

"[The Respondent's Counsel]:—that you were not responsible for the death of [the victim]?

"[The Petitioner]: Yes."

the petitioner's actual innocence and simultaneously worked to lay the basis for a jury verdict of manslaughter, two strategies that are not exactly consistent and congruous, but nevertheless resulted in a conviction for manslaughter, it is not entirely impossible that the petitioner would be attacking this two-pronged strategy."

As is apparent from Pattis' testimony, he believed that the lesser included offenses issue was a weak argument to pursue in the 1998 habeas appeal because, as Gallucci also stated in his testimony, it suggested an inconsistent defense.[3] As we stated in *Vivo* v. *Commissioner of Correction*, 90 Conn. App. 167, 876 A.2d 1216, cert. denied, 275 Conn. 925, 883 A.2d 1253 (2005), "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible . . . . " (Internal quotation marks omitted). Id., 172. Pattis did just that. Therefore, under *Strickland*, the petitioner failed to show how either his trial counsel or first habeas counsel was deficient. See *Strickland* v. *Washington*, supra, 466 U.S. 687.

We conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991);

---

[3] Pattis testified that at the time of the habeas filing, he thought the issue was worth exploring because the "murder seemed to have arisen out of a love triangle, which would, obviously [have] been an explosive emotional situation." Pattis further testified, however, that after hearing the evidence, he was not of the same opinion because the petitioner never acknowledged any role in the shooting. He also opined that the petitioner's flight to Jamaica was extremely powerful consciousness of guilt evidence, although "[h]ad there been some acknowledgement of his role in the shooting . . . the consciousness of guilt evidence could have been neutralized and used to support a lesser mental state."

*Simms* v. *Warden,* supra, 230 Conn. 616. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.