GABRIEL BLOOMFIELD *v.* COMMISSIONER OF
CORRECTION
(AC 28993)

Flynn, C. J., and DiPentima and Mihalakos, Js.

Argued October 27—officially released December 23, 2008

*Lisa A. Vanderhoof,* special public defender, for the appellant (petitioner).

*Sarah Hanna,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Terence D. Mariani,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Gabriel Bloomfield, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims on appeal that the court abused its

discretion in denying his petition for certification to appeal. We disagree and dismiss the appeal.

The record reveals the following facts and procedural history. On April 10, 2000, the petitioner was arraigned and charged by way of short form information with the crimes of assault in the first degree in violation of General Statutes § 53a-59 and threatening in the second degree in violation of General Statutes § 53a-62. The information did not specify any subsections of the two statutes charged. On August 30, 2000, the petitioner, represented by counsel, appeared before the court, *Damiani, J.*, and elected a court trial. Following a thorough canvass, the court accepted the petitioner's waiver of his right to a jury trial, finding it to be knowing, intelligent and voluntary. On December 7, 2000, the state filed a substitute long form information charging the petitioner with two counts of attempt to commit murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a, and two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and (3). The petitioner filed a motion to change his trial election and to reinstate a jury trial on December 11, 2000. Judge Damiani denied the motion, citing his previous canvass of the petitioner.

Prior to commencement of the petitioner's trial on December 19, 2000, the court, *O'Keefe, J.*, noted that the petitioner had not been put to plea on the substitute information including the charges of attempt to commit murder, and referred the matter to Judge Damiani for clarification. Judge Damiani struck the substitute information on the ground that it impermissibly added charges subsequent to the petitioner's plea and court trial election. A significant effect of this striking was that the defendant no longer faced charges of attempt to commit murder. The state thereafter filed a second substitute long form information, charging the petitioner in the alternative with two counts of assault in

the first degree in violation of General Statutes § 53a-59 (a) (1) and (3).[1] The effect of this third information was that the petitioner was not charged with threatening, as lodged in the first information, and the assault charges were limited to only two of the five possible ways of violating the assault statute, § 53a-59 (a).

The petitioner's trial commenced before Judge O'Keefe on December 19, 2000, and continued to February 26, 2001. On February 27, 2001, the court found the petitioner guilty of intentional assault in the first degree in violation of § 53a-59 (a) (1). The court subsequently dismissed the second count of the substitute information, assault in the first degree in violation of § 53a-59 (a) (3), which charged reckless conduct.

This court affirmed the trial court's judgment of conviction; see *State* v. *Bloomfield*, 74 Conn. App. 674, 813 A.2d 1052, cert. denied, 263 Conn. 905, 819 A.2d 839 (2003); and the petitioner subsequently filed a petition for a writ of habeas corpus. The petitioner's amended petition, filed June 27, 2006, alleged ineffective assistance against both his trial and appellate counsel. The petitioner alleged that his trial counsel failed to prepare adequately for trial. The petitioner further alleged that his trial counsel was ineffective in failing to object, to move for a continuance or to move to dismiss the charges in the second substitute long form information, on the ground that they constituted new charges, and, consequently, the petitioner should have been put to plea and allowed to change his court trial election. The petitioner asserted that his appellate counsel also was ineffective for failing to raise this issue on appeal.

---

[1] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

Following a trial of the matter, the habeas court, *Jones, J.*, denied the petition and denied the petitioner's subsequent petition for certification to appeal. The court found that the preparation by the petitioner's trial counsel met the appropriate standard. The court further held that neither trial counsel nor appellate counsel was ineffective with regard to the filing of the second substitute long form information. The court determined that, because the petitioner could not have been convicted under both subdivision (1) of § 53a-59 (a), requiring intentional action, and subdivision (3), requiring reckless action with regard to the same act, the petitioner was not exposed to an additional penalty of incarceration as a result of being charged under the second substitute long form information. The court thereafter denied the petitioner's petition for certification to appeal. The present appeal followed.

We begin by setting forth the applicable standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Dwyer* v. *Commissioner of*

*Correction,* 102 Conn. App. 838, 840, 927 A.2d 347, cert. denied, 284 Conn. 925, 933 A.2d 724 (2007).

On appeal, the petitioner argues that the habeas court abused its discretion in denying his petition for certification to appeal following the court's denial of his petition for a writ of habeas corpus. At the heart of the petitioner's argument is his claim that, following the state's filing of its second substitute long form information, by which the state charged the petitioner alternatively under subdivisions (1) and (3) of § 53a-59 (a), he should have had the right to replead and reelect a jury trial because the counts of the substitute information constituted new charges. The petitioner argues that both his trial and appellate counsel were ineffective in failing to press this claim in the appropriate respective circumstances.

It is fundamental that "[t]he sixth amendment to the United States constitution and article first, § 8 of the Connecticut constitution guarantee a criminal defendant the right to be informed of the nature and cause of the charges against him with sufficient precision to enable him to meet them at trial. . . . When the state's pleadings have informed the defendant of the charge against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and were definite enough to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense, they have performed their constitutional duty. . . . Further, [w]e have held that [u]nder our practice, it is sufficient for the state to set out in the information the statutory name of the crime with which the defendant is charged, leaving to the defendant the burden of requesting a bill of particulars more precisely defining the manner in which the defendant committed the offense." (Citations omitted; internal quotation marks omitted.) *State* v. *Spigarolo,* 210 Conn. 359, 381–82, 556 A.2d 112, cert. denied, 493 U.S. 933,

110 S. Ct. 322, 107 L. Ed. 2d 312 (1989); see also *State v. Vincent*, 194 Conn. 198, 204–205, 479 A.2d 237 (1984) (information charging that "the defendant had committed the crime of 'Burglary 3' in violation of General Statutes § 53a-103 in the first count and the crime of 'Larceny 3' in violation of General Statutes § 53a-124 in the second count" held constitutionally sufficient though specific subsections of statute not listed).

The original short form information, in which the state charged the petitioner with assault in the first degree under § 53a-59, provided him with notice of the crimes with which he would be charged. Subsection (a) of that statute provides: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person; or (4) with intent to cause serious physical injury to another person and while aided by two or more other persons actually present, he causes such injury to such person or to a third person; or (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm." General Statutes § 53a-59 (a).

The state was entitled to fulfill its constitutional duty by providing the petitioner with the "statutory name of the crime with which [he was] charged . . . ." (Internal

quotation marks omitted.) *State* v. *Spigarolo*, supra, 210 Conn. 382.[2] As a result of this initial information, the state put the petitioner on notice as to all five subdivisions of § 53a-59 (a). When the state filed its second substitute long form information, it did not file new charges, as the petitioner claims; instead, the information specified the two subdivisions under which the state was alternatively charging the petitioner with assault in the first degree, as opposed to the five subdivisions it originally had charged. Because the state charged the petitioner in the alternative with either intentional or reckless assault based on the same act, and he could not be convicted of both, the habeas court correctly determined that the petitioner was not exposed to additional potential incarceration under the second substitute information. The petitioner therefore was sufficiently informed of the charges against him at the time he elected a court trial, and neither his trial counsel nor his appellate counsel was ineffective in failing to argue as the petitioner suggests.

We conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[2] We note further that it is the defendant's burden to request "a bill of particulars more precisely defining the manner in which the defendant committed the offense." (Internal quotation marks omitted.) *State* v. *Spigarolo*, 210 Conn. 382.