WILLIAM C. WASHINGTON *v.* COMMISSIONER OF
CORRECTION
(AC 29309)

McLachlan, Lavine and Schaller, Js.

Argued December 9, 2008—officially released March 3, 2009

*Deren Manasevit*, special public defender, for the appellant (petitioner).

*Melissa Patterson*, deputy assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Peter A. McShane*, supervisory assistant state's attorney, for the appellee (respondent).

### Opinion

PER CURIAM. The petitioner, William C. Washington, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims on appeal that the court abused its discretion in denying his petition for certification to appeal and improperly rejected his claim that his trial counsel and first habeas counsel rendered ineffective assistance. We disagree and dismiss the appeal.

The record reveals the following facts and procedural history. The petitioner was charged with attempt to commit murder, assault in the first degree, carrying a pistol without a permit and escape in the first degree, following an August 6, 1993 incident in which he shot an acquaintance. The petitioner pleaded not guilty to all charges and elected a jury trial. During his trial, on October 31, 1994, the petitioner withdrew his not guilty pleas and entered an *Alford*[1] plea on the charge of attempt to commit murder and guilty pleas on the remaining charges. On December 13, 1994, the petitioner was sentenced to a total effective term of thirty

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

years of incarceration, execution suspended after twenty-five years, and three years of probation.

On April 20, 1995, the petitioner filed a pro se petition for a writ of habeas corpus. The petitioner alleged that prior to his trial, in May, 1994, the state offered him a plea agreement in which he would plead guilty to all of the charges in exchange for a total effective sentence of ten years, execution suspended after five years. The petitioner argued that although he initially rejected the offer, he later changed his mind but could not communicate that to the state because his attorney had taken an extended leave of absence from May to October, 1994. When he finally reached his attorney in early October, 1994, the petitioner expressed his desire to accept the offer. When his attorney contacted the state's attorney, however, the state's attorney stated that the offer was no longer available. Instead, the state offered a new agreement consisting of fourteen years of incarceration, execution suspended after seven years. The petitioner rejected this offer and elected a jury trial. The petitioner claimed that his trial counsel rendered ineffective assistance because counsel's extended leave of absence deprived the petitioner of the opportunity to accept the original plea offer. For his habeas relief, the petitioner requested that he be allowed to accept the original offer.

On May 24, 1995, counsel was appointed to represent the petitioner at the upcoming habeas trial. On July 24, 1996, counsel filed a motion to withdraw, accompanied by an *Anders*[2] brief, on the ground that he could not identify any nonfrivolous argument in support of the petitioner's claim. The court held a hearing on counsel's

[2] Under *Anders* v. *California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Such a request must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." Id.

motion and subsequently granted it on September 23, 1996, stating: "[A]fter hearing the evidence in this matter and after further reviewing the petitioner's habeas corpus file . . . this matter is wholly without merit."

The petitioner commenced the present habeas action in 1999 and filed a second amended petition for a writ of habeas corpus on November 8, 2004. In the first count, the petitioner alleged again that his trial counsel rendered ineffective assistance because his extended leave of absence deprived the petitioner of the benefit of the original plea agreement. In the second count, the petitioner alleged that his habeas counsel from his first proceeding rendered ineffective assistance in that he did not review the transcripts from the underlying criminal matter before filing the motion to withdraw and failed to address the petitioner's claim adequately.[3]

On September 25, 2007, the court held an evidentiary hearing on the petitioner's claims and on October 2, 2007, issued a written decision denying the petition. In its decision, the court found that contrary to the petitioner's assertions, the evidence produced at the hearing indicated that his trial counsel did not take an extended leave of absence and, therefore, did not cause the loss of the original plea offer. The court further found that even if trial counsel had improperly taken an extended leave of absence, the petitioner had no vested interest in the first offer. The court concluded that the petitioner received effective assistance from his trial counsel and, therefore, received effective assistance from his habeas counsel, as there were no nonfrivolous arguments for his habeas counsel to make against his trial counsel. On October 10, 2007, the court denied

[3] The petitioner also claimed that he was denied due process under the fourteenth amendment to the United States constitution "when he was denied appellate counsel in the appeal of his prior habeas petition." This claim, however, was not mentioned at the habeas proceeding, nor in the court's memorandum of decision, and is not raised in this appeal.

the petitioner's petition for certification to appeal to this court, and this uncertified appeal followed.

We begin by setting forth the applicable standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Bloomfield* v. *Commissioner of Correction*, 111 Conn. App. 752, 756, 960 A.2d 1093 (2008), cert. denied, 290 Conn. 912, 964 A.2d 547 (2009).

"We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Parrott* v. *Commissioner of Correction*, 107 Conn. App. 234, 236, 944 A.2d 437, cert. denied, 288 Conn. 912, 954 A.2d 184 (2008).

On appeal, the petitioner asserts that the court abused its discretion in denying his petition for certification to appeal because the resolution of the following three claims involves issues that are debatable among jurists of reason and could be decided in a different manner: (1) whether trial counsel's breach of the duty to ensure timely acceptance of a plea offer constitutes ineffective assistance; (2) whether habeas counsel's failure to read the trial transcript prior to filing his *Anders* brief constitutes ineffective assistance; and (3) whether habeas counsel's failure to address the petitioner's claim correctly constitutes ineffective assistance.

The petitioner's first claim is premised on his factual allegation that his trial counsel took an extended leave of absence from May to October, 1994. The court, however, credited trial counsel's testimony that he was absent no longer than one or two weeks and found that trial counsel did not, in fact, cause a delay in the petitioner's attempt to accept the plea agreement. The petitioner argues that this factual finding is clearly erroneous, and, therefore, "[t]his leaves on the table the

legal question of [trial counsel's] obligation to relay the [p]etitioner's acceptance of the plea bargain before it expired." The court, however, is the sole arbitrator of credibility issues and is entitled to arrive at its conclusion regarding the witness' credibility and what weight to afford his testimony. See *Mitchell* v. *Commissioner of Correction*, 109 Conn. App. 758, 763, 953 A.2d 685, cert. denied, 289 Conn. 950, 961 A.2d 417 (2008). "Appellate courts do not second-guess the trier of fact with respect to credibility." *Vasquez* v. *Commissioner of Correction*, 111 Conn. App. 282, 287 n.4, 959 A.2d 10, cert. denied, 289 Conn. 958, 961 A.2d 424 (2008). Contrary to the petitioner's assertion, the question of whether trial counsel has an obligation to relay an acceptance of a plea agreement before it expires is not implicated in this case.

As to the petitioner's second claim, given the nature of the petitioner's claim in his first petition for a writ of habeas corpus, we conclude that it was not necessary for the petitioner's first habeas counsel to review the transcripts from the plea proceeding and sentencing hearing before filing an *Anders* brief. The petitioner's first habeas counsel testified at the petitioner's second habeas proceeding that it would have been necessary to read the transcripts of those proceedings only if a claim were made with regard to the voluntariness of a plea. The petitioner made no such claim in his pro se petition; instead, the focus of his claim was that the plea offer was withdrawn before he could accept it due to his trial counsel's inappropriate leave of absence. This claim is entirely unrelated to the events at his plea proceeding and sentencing hearing. Moreover, the petitioner's first habeas counsel testified that he eventually reviewed the transcripts and did not find any relevant material but that if he had, he would have withdrawn the *Anders* brief.

Finally, the petitioner argues that his first habeas counsel failed to address his claim properly because, in the *Anders* brief, counsel mischaracterized the petitioner's claim to be that the state illegally withdrew the first plea offer, as opposed to a claim that trial counsel was ineffective. The basis for habeas counsel's motion to withdraw and the accompanying *Anders* brief was that no nonfrivolous argument existed in support of the petitioner's claim because the petitioner could not obtain the relief he requested. Specifically, habeas counsel maintained that under *Mabry* v. *Johnson*, 467 U.S. 504, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (1984), the petitioner had no right to the original plea offer.[4] The petitioner's requested relief is the same under either characterization of the claim; thus, habeas counsel's mischaracterization in his *Anders* brief was not the reason the court found the claim to be "wholly without merit."

We conclude that the court did not abuse its discretion in denying the petitioner certification to appeal because he has not demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.

---

[4] "A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment

of a court, does not deprive an accused of liberty or any other constitutionally protected interest." *Mabry* v. *Johnson,* supra, 467 U.S. 507.