WILLIAM FARNUM *v.* COMMISSIONER OF
CORRECTION
(AC 28966)

Bishop, Gruendel and Hennessy, Js.

Argued October 15—officially released December 29, 2009

*Gennaro Bizzarro*, special public defender, for the appellant (petitioner).

*Richard K. Greenalch, Jr.*, special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, William Farnum, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly rejected his claim that his trial counsel and appellate counsel rendered ineffective assistance. We conclude that the court properly denied the petition for certification to appeal and, accordingly, dismiss the petitioner's appeal.

The following facts and procedural history, as set forth in *State* v. *Farnum*, 275 Conn. 26, 28–29, 878 A.2d 1095 (2005), provide the necessary facts for the disposition of the petitioner's appeal: "On January 24, 2002, a branch of the American Savings Bank, located at 747 Farmington Avenue in New Britain, was robbed. After pushing aside a customer, the robber approached Agnes Ksiazak's teller station. He told her to 'make it quick,' and handed her a note demanding all of her $20, $50 and $100 bills, and warning that he had a gun. Ksiazak then handed the robber $2310, and he departed.

"The following week, on January 31, 2002, a second New Britain branch [located at 587 Hartford Road] of

the American Savings Bank was robbed. The robber approached Nadine Narog's teller window and gave her a note stating that he had a gun and that he wanted all of her $50 and $100 bills. He told her that she should 'make it quick . . . .' Narog then gave the robber $200, and he left the bank.

"The [petitioner] subsequently was charged in connection with both robberies. As a result of the January 24 robbery, the [petitioner] was charged in an information with one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and one count of larceny in the third degree in violation of General Statutes § 53a-124 (a) (2). As a result of the January 31 robbery, the [petitioner] was charged in a second information with one count of robbery in the first degree in violation of § 53a-134 (a) (4) and one count of larceny in the sixth degree in violation of General Statutes § 53a-125b (a). The two cases were later consolidated and tried to the court."[1]

At trial, the petitioner moved the court to suppress identification evidence concerning the January 31, 2002 robbery obtained as a result of a photographic array because the array was allegedly improperly suggestive. Additionally, the petitioner moved the court for judgments of acquittal, claiming that the evidence was not sufficient to establish that he was the perpetrator of the robberies. The trial court denied the motions, finding the petitioner guilty beyond a reasonable doubt of both robberies. Subsequently, the court rendered judgments of conviction on all counts, sentencing the petitioner to twenty-four years of incarceration.

The petitioner appealed to this court from the judgments of conviction, arguing that the trial court improperly denied (1) his motion to suppress identification

---

[1] The petitioner's trial counsel did not object to the state's motion to consolidate the robbery cases. Following consolidation, the petitioner waived his right to a jury trial.

evidence obtained from the photographic array and (2) his motion for judgments of acquittal, which alleged that the evidence was insufficient to support his convictions. We concluded that the photographic array was not overly suggestive but reversed the petitioner's conviction for the January 24 robbery because of insufficient evidence. *State* v. *Farnum*, 83 Conn. App. 326, 328, 849 A.2d 393 (2004), rev'd in part, 275 Conn. 26, 878 A.2d 1095 (2005). Our Supreme Court granted the state's petition for certification to appeal, limited to whether "the evidence was insufficient to prove that the [petitioner] was the perpetrator of a robbery of the Farmington Avenue branch of the American Savings Bank in New Britain on January 24, 2002 . . . ." (Internal quotation marks omitted.) *State* v. *Farnum*, supra, 275 Conn. 31. The Supreme Court reversed our judgment, holding that sufficient evidence existed to support the trial court's conviction as to the January 24, 2002 robbery. Id., 37–38.

The petitioner subsequently brought this petition for a writ of habeas corpus. In his amended petition, the petitioner asserted several claims of ineffective assistance of both his trial counsel, Douglas S. Pelletier, and his appellate counsel, Joaquina Borges King. The habeas trial was held on May 18, 2007. During that proceeding, the court heard testimony from appellate counsel and the petitioner.[2] In an oral decision, the court denied the petition, finding that the petitioner failed to prove that he was denied the effective assistance of trial or appellate counsel under the two-pronged test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). On June 25, 2007, the court denied the petition for certification to appeal. This appeal followed.

[2] The petitioner's trial counsel was unavailable as a witness at the habeas trial because, after retiring to Florida, he developed a physical condition that prevented his traveling to Connecticut.

Preliminarily, we set forth the proper standard of review and applicable legal principles that govern our resolution of the petitioner's appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Bloomfield* v. *Commissioner of Correction*, 111 Conn. App. 752, 756, 960 A.2d 1093 (2008), cert. denied, 290 Conn. 912, 964 A.2d 547 (2009).

"We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, [supra, 466 U.S. 687], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense [by establishing a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different]. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Parrott* v. *Commissioner of Correction*, 107 Conn. App. 234, 236, 944 A.2d 437, cert. denied, 288 Conn. 912, 954 A.2d 184 (2008). Furthermore, "[i]n a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . *but by demonstrable realities*." (Emphasis added; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 599, 940 A.2d 789 (2008).

On appeal, the petitioner asserts that the court abused its discretion in denying his petition for certification to appeal because the resolution of the following claims involves issues that are debatable among jurists of reason and could be decided in a different manner: (1) whether trial counsel was ineffective in failing to object to the consolidation of the robbery cases; (2) whether trial counsel was ineffective in advising the petitioner to proceed by way of a court trial; (3) whether trial counsel was ineffective in failing to conduct an adequate pretrial investigation; (4) whether appellate counsel was ineffective in failing to file a cross petition for certification to appeal with the Supreme Court on the issue of the trial court's denial of the motion to

suppress the photographic array; and (5) whether appellate counsel was ineffective in failing to challenge on direct appeal the trial court's decision to grant the state's motion to consolidate.

We first address the petitioner's claim that trial counsel was ineffective in failing to object to the consolidation of the robbery cases. The petitioner argues that consolidation was not permissible under the factors set forth in *State* v. *Boscarino*, 204 Conn. 714, 722–24, 529 A.2d 1260 (1987), because the evidence in the robberies would not have been cross admissible had the cases been tried separately. Additionally, the petitioner argues that if trial counsel properly objected to the motion to consolidate, the state would have been compelled to conduct two separate trials. The habeas court found that the "petitioner has failed to prove that the cases should not have been consolidated and that had they not been consolidated he would have been acquitted on both."

Under Connecticut law, regardless of whether the evidence is cross admissible, joinder is appropriate if the defendant will not suffer substantial prejudice and, in turn, be afforded a fair trial. See *State* v. *McKenzie-Adams*, 281 Conn. 486, 520, 915 A.2d 822, cert. denied, 552 U.S. 888, 128 S. Ct. 248, 169 L. Ed. 2d 148 (2007). In determining whether such prejudice exists, we have examined "(1) whether the charges involve discrete, easily distinguishable factual scenarios; (2) whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part; and (3) the duration and complexity of the trial." (Internal quotation marks omitted.) *State* v. *Virgo*, 115 Conn. App. 786, 793–94, 974 A.2d 752, cert. denied, 293 Conn. 923, 980 A.2d 914 (2009). The petitioner concedes that the robberies involved distinct events. During each robbery, the petitioner was not violent and did not engage in brutal or shocking conduct. The petitioner's criminal

trial lasted four days. On our review of the record, we conclude that the petitioner did not suffer substantial prejudice as a result of the consolidation of the robbery cases, and, thus, the habeas court did not abuse its discretion in rejecting this claim.

The petitioner's second claim on appeal alleges that his trial counsel was ineffective in advising him to waive his right to a jury trial. The petitioner contends that he relied entirely on trial counsel's advice in deciding to waive his right to a jury trial and that he did not understand the judge during the trial court's canvass. He argues that his trial counsel's "failure to ensure that [the petitioner] clearly understood the significance of waiving his constitutional right to trial by jury amounts to deficient performance by any standard. . . . [Furthermore, had he elected a jury trial] it is likely that at least one of the jurors would have found . . . that the state had not met its burden on at least one, if not all, of the charges." Although the habeas court stated that waiving a jury trial in a criminal case was perhaps unusual, the court found that the petitioner was properly canvassed, that he properly waived his right to a jury trial and that he had "failed to prove that he would have fared better in front of a jury rather than a judge." On the basis of our review of the record, it is clear that the habeas court did not abuse its discretion in this determination.

The next claim by the petitioner is that his trial counsel failed to conduct an adequate pretrial investigation. He argues that trial counsel did "very little in the way of investigating what could have been multiple, successful defense strategies. His failure to investigate resulted in prejudice to the petitioner. But for [trial counsel's] conduct, the jury may have heard crucial evidence that could have altered the outcome of the trial . . . ." Although the habeas court did not address this claim in detail, it stated that it did not hear any evidence that

would permit it to conclude that the petitioner was deprived of the effective assistance of either appellate or trial counsel. We agree with the habeas court's conclusion. Because the petitioner has not reasonably demonstrated that but for trial counsel's alleged inadequate investigation, the result of the proceedings would have been different, we cannot say that the habeas court abused its discretion in this regard.

The petitioner also asserts that his appellate counsel provided ineffective assistance because counsel failed to file a cross petition for certification to appeal with the Supreme Court on the issue of the trial court's denial of the petitioner's motion to suppress the photographic array.[3] Specifically, he argues that "[h]ad the Supreme Court ruled in the petitioner's favor on the issue of the photographic array, the trial court's [judgment of conviction] would have been overturned for failure to identify conclusively the petitioner as the robber." The habeas court rejected this claim, as the decision not to

[3] We note the different principles that apply to the review of ineffective assistance of appellate counsel claims. "When applying the two part *Strickland* analysis in the context of a claim of ineffective assistance of appellate counsel, the petitioner must first establish that appellate counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions. . . .

"After demonstrating deficient performance, the petitioner must then satisfy the prejudice prong of Strickland by establish[ing] that, because of the failure of his appellate counsel to raise a [particular] claim, there is a reasonable probability that he remains burdened by an unreliable determination of his guilt. . . . In order to prevail on a claim of ineffective assistance of appellate counsel, therefore, a habeas petitioner must show not only that his appeal would have been sustained but for counsel's deficient performance, but also that there is a reasonable probability that the trial verdict would have been different." (Citation omitted; internal quotation marks omitted.) *Watson* v. *Commissioner of Correction*, 111 Conn. App. 160, 168, 958 A.2d 782, cert. denied, 290 Conn. 901, 962 A.2d 128 (2008).

file a cross petition for certification to appeal on the photographic array issue was a strategic decision by counsel, and, additionally, no prejudice was shown.

"[A] habeas court will not, with the benefit of hindsight, second guess the tactical decisions of appellate counsel. Legal contentions, like the currency, depreciate through over-issue. . . . [M]ultiplying assignments will dilute and weaken a good case and will not save a bad one. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones." (Internal quotation marks omitted.) *Watson* v. *Commissioner of Correction*, 111 Conn. App. 160, 169, 958 A.2d 782, cert. denied, 290 Conn. 901, 962 A.2d 128 (2008).

We conclude that appellate counsel's decision not to file a cross petition for certification to appeal to the Supreme Court falls within "the wide range of reasonable professional assistance"; *Strickland* v. *Washington*, supra, 466 U.S. 689; and did not constitute deficient performance. Accordingly, the petitioner has failed to establish that the habeas court abused its discretion in denying the petition for certification to appeal. See, e.g., *Coleman* v. *Commissioner of Correction*, 108 Conn. App. 836, 838, 949 A.2d 536, cert. denied, 289 Conn. 913, 957 A.2d 876 (2008).

The last claim on appeal involves the petitioner's contention that appellate counsel was ineffective in failing to challenge on direct appeal the trial court's decision to grant the state's motion to consolidate. The habeas court also rejected this claim, finding no basis to offer habeas relief. The petitioner's trial counsel did not object to the state's motion to consolidate the robbery cases. Consequently, the issue of consolidation was not properly preserved for appeal, and because the claim is not of constitutional magnitude, this court could not afford it review. See *State* v. *Vallejo*, 102 Conn. App. 628, 633–34, 926 A.2d 681, cert. denied, 284

Conn. 912, 931 A.2d 934 (2007); *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Furthermore, because we concluded that joinder was appropriate on the merits, the petitioner has failed to show prejudice. As a result, we cannot say that the habeas court abused its discretion when it concluded that the petitioner's appellate counsel was not ineffective in failing to challenge on direct appeal the consolidation of the robbery cases.

After carefully reviewing the record and briefs, we agree with the habeas court's decision that the petitioner was not deprived of the effective assistance of counsel, in any respect, at any stage of the proceedings. Considering the record in light of *Strickland*, we are not convinced that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616. Consequently, we conclude that the petitioner failed to establish that the court abused its discretion in denying the petition for certification to appeal. See, e.g., *Coleman* v. *Commissioner of Correction*, supra, 108 Conn. App. 838.

The appeal is dismissed.

In this opinion the other judges concurred.