ALEXIS GONZALEZ *v.* COMMISSIONER
OF CORRECTION
(AC 31096)

DiPentima, C. J., and Lavine and Bear, Js.

Submitted on briefs September 10—officially released November 2, 2010

*Dante R. Gallucci*, special public defender, filed a brief for the appellant (petitioner).

*Scott J. Murphy*, state's attorney, *Tamara A. Grosso*, special deputy assistant state's attorney, and *Michael J. Proto*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Alexis Gonzalez, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that his trial counsel did not render ineffective assistance in connection with his guilty plea to the charges of assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a. We disagree and affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the issue on appeal. On January 31, 2000, the petitioner, Victor Diaz and Carlos Diaz were driving through New Britain with the intent to find and to kill Jesus Torres. The three individuals eventually came

upon Torres walking with a friend, Javier Mejias. Leaning out the window of his vehicle, the petitioner fired several gunshots at Torres, one of which struck Torres in the head and blinded him in the left eye.

Through their investigation, the police quickly were able to link the petitioner to the shooting. Torres, Mejias, Victor Diaz and Carlos Diaz all identified the petitioner as the shooter, either by name or through a lineup. Torres also provided the police with a description of the petitioner's vehicle, which matched a vehicle owned by the boyfriend of the petitioner's sister. The police learned shortly after the incident that the petitioner had borrowed the boyfriend's vehicle on the night of the shooting.

On January 24, 2001, the petitioner pleaded guilty to the charges of assault in the first degree and conspiracy to commit murder in exchange for a recommended sentence of thirty years imprisonment, execution suspended after fifteen years on the assault charge, and fifteen years imprisonment plus five years probation on the charge of conspiracy to commit murder, to run concurrently.[1] The petitioner was represented by attorney Claud Chong during plea negotiations with the state and during the proceedings in which the petitioner pleaded guilty and was sentenced.

On December 26, 2008, the petitioner filed a revised amended petition for a writ of habeas corpus, claiming that his trial attorney had rendered ineffective assistance. In his petition, the petitioner argued, inter alia, that Chong had failed to communicate with and advise him effectively concerning the charges brought by the

---

[1] The petitioner originally was charged with attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a along with assault in the first degree and conspiracy to commit murder. These charges carried a potential sentence of up to sixty years incarceration, five of which could have been a mandatory minimum.

state and his available courses of action. After a one day hearing on the petition, the court denied the petition for a writ of habeas corpus, holding that, even if deficient performance were to be presumed, the petitioner failed to demonstrate any prejudice resulting from that performance. Specifically, the court found that the petitioner had failed to present any evidence that likely would have led to a different result had he chosen to go to trial, or any mitigating evidence that, if presented at sentencing, could have led to a reduced term of incarceration. The court noted that the petitioner's sentence was extremely favorable under the circumstances and that had he chosen to go to trial, it was highly likely that he would have been convicted on at least two, if not all three, of the original charges. The petitioner's petition for certification to appeal was granted by the court on May 6, 2009.

We first begin by setting forth the proper standard of review. "The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . The application of the habeas court's factual findings to the pertinent legal standard, however, presents a mixed question of law and fact, which is subject to plenary review." (Internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, 123 Conn. App. 424, 435, 1 A.3d 1242 (2010).

"In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . ." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 116 Conn. App. 383, 386, 975 A.2d 751, cert. denied, 293 Conn. 925, 980 A.2d 912 (2009). "For ineffectiveness claims resulting from guilty pleas, we apply

the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong." (Internal quotation marks omitted.) *Greene* v. *Commissioner of Correction*, 123 Conn. App. 121, 127, 2 A.3d 29 (2010).

Under the *Strickland* test, as modified by *Hill*, "[a] claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Corona* v. *Commissioner of Correction*, 123 Conn. App. 347, 352, 1 A.3d 1226 (2010). "Because the petitioner must satisfy *both* prongs of the *Strickland* test to prevail on a habeas corpus petition, this court may dispose of the petitioner's claim if he fails to meet either prong." (Emphasis in original; internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 123 Conn. App. 301, 306, 1 A.3d 1142 (2010).

We begin our analysis of the petitioner's claim with the second prong of the *Strickland* test. In its memorandum of decision denying the petition for a writ of habeas corpus, the court found that the petitioner had failed to establish any prejudice resulting from Chong's representation. On appeal, the petitioner does not argue that the outcome of his case would have been different if he had gone to trial or negotiated for another deal. Instead, his only argument is that "a Spanish speaking defendant who is facing serious felony charges, and a long jail sentence, is entitled to more than one interpreter assisted meeting with his attorney . . . and that

the evidence that only one such meeting took place . . . is . . . prejudicial on its face." This does not meet the standard that is necessary to prove prejudice under *Strickland*.

We conclude that the petitioner has failed to demonstrate that, but for Chong's representation, he would not have been convicted had he gone to trial or would have received a more favorable sentence. Therefore, we agree with the habeas court that the petitioner has not satisfied the prejudice prong of the *Strickland* test.

The judgment is affirmed.