## MONTERAL MORRIS *v.* COMMISSIONER OF CORRECTION
### (AC 32085)

DiPentima, C. J., and Gruendel and Beach, Js.

Submitted on briefs September 9—officially released October 25, 2011

*Justine F. Miller*, special public defender, filed a brief for the appellant (petitioner).

*John A. Connelly*, former state's attorney, *Rocco A. Chiarenza*, deputy assistant state's attorney, and *Patrick Griffin*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Monteral Morris,[1] appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal. Specifically, he claims that the court (1) improperly rejected his claim that his trial counsel rendered ineffective assistance by failing to file certain motions and (2) improperly rejected his claim that trial counsel failed to investigate adequately the evidence

---

[1] The petitioner's first name has been spelled as "Montreal" and "Monteral" during these proceedings.

against the petitioner. We dismiss the petitioner's appeal.[2]

The following factual and procedural history is relevant to the resolution of the petitioner's appeal. The state charged the petitioner with the crimes of attempt to commit murder, criminal possession of a firearm, criminal use of a firearm, two counts of robbery in the first degree, two counts of larceny in the second degree, unlawful discharge of a firearm and reckless endangerment in the first degree. The petitioner pleaded guilty, pursuant to the *Alford* doctrine,[3] to robbery in the first degree, assault in the first degree, and criminal possession of a firearm. The trial court sentenced the petitioner to fifteen years imprisonment pursuant to its previous indication at the plea hearing that it would impose a sentence of between thirteen and eighteen years imprisonment. The petitioner did not file a direct appeal.

On December 18, 2009, the petitioner filed an amended petition for a writ of habeas corpus, alleging ineffective assistance of his trial counsel, Attorney Gary Mastronardi. Specifically, the petitioner claimed that Mastronardi had failed to file a motion to dismiss the charges against the petitioner or, in the alternative, a motion to suppress, after the state did not provide all of the photographic arrays that were shown to the victim, one of which led the victim to identify the petitioner. The petitioner also claimed that Mastronardi failed to investigate and to discover information that

[2] Although the petitioner did not provide this court with a signed transcript of the habeas court's oral decision on his habeas petition; see Practice Book § 64-1 (a); we review the petitioner's claims because the unsigned transcript adequately reveals the basis for the court's decision. See, e.g., *In re Diamond J.*, 121 Conn. App. 392, 398–99, 996 A.2d 296, cert. denied, 297 Conn. 927, 998 A.2d 1193 (2010).

[3] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

could have been used to impeach the state's evidence. Following a one day trial, the habeas court denied the petition for a writ of habeas corpus. The habeas court subsequently denied the petition for certification to appeal.

We begin by setting forth the applicable standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense [by establishing a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different]. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Citation omitted; internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction*, 118 Conn. App. 670, 674–75, 984 A.2d 1126 (2009), cert. denied, 295 Conn. 905, 989 A.2d 119 (2010).

"For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong." (Internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction*, 124 Conn. App. 740, 743–44, 6 A.3d 152 (2009). "Under . . . *Hill* . . . the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. . . . In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Internal quotation marks omitted.) *Gudino* v. *Commissioner of Correction*, 123 Conn. App. 719, 723–24, 3 A.3d 134, cert. denied, 299 Conn. 905, 10 A.3d 522 (2010). Finally, we note that "[i]n a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by

speculation . . . *but by demonstrable realities.*"
(Emphasis in original; internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction*, supra,
118 Conn. App. 675.

We first address the petitioner's claim that Mastronardi was ineffective for failing to file a motion to dismiss the charges, or in the alternative, a motion to suppress the photographic arrays.[4] The petitioner argues that his photograph *may* have been among the photographs the victim examined on August 15, 2005, from which the victim was unable to identify the second assailant. The police subsequently destroyed the array after the victim could not make an identification. The habeas court rejected this argument, crediting the testimony of John Healy, a police detective, who had shown photographic arrays to the victim on August 15, 2005. Healy testified that he was "100 percent certain that [the petitioner] was not in . . . any of the destroyed arrays." The habeas court found that Mastronardi's decision not to file a motion to dismiss or to pursue a motion to suppress the photographic arrays was a tactical decision. The habeas court credited the testimony of Mastronardi that plea offers by the prosecutors were, by custom, time limited and that motions to dismiss or to suppress would be heard at the time of trial, resulting in plea offers being withdrawn by that time. Additionally, the habeas court credited the testimony of Mastronardi that any motion to suppress would likely not be successful and found that the identification procedure that the police later employed that led the victim to

---

[4] The petitioner argues in his brief that there was a strong argument that the state withheld exculpatory evidence in violation of *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and that Mastronardi should have argued for a good faith extension of *Brady*. Because this claim was not made by the petitioner in his amended petition, it is not properly before this court. See *Council* v. *Commissioner of Correction*, 286 Conn. 477, 498, 944 A.2d 340 (2008).

identify the petitioner as the second assailant was not suggestive.

The habeas judge is the sole arbiter of the credibility of witnesses and the weight given to their testimony. See *Elsey* v. *Commissioner of Correction*, 126 Conn. App. 144, 153, 10 A.3d 578, cert. denied, 300 Conn. 922, 14 A.3d 1007 (2011). After reviewing the record, we cannot conclude that these findings of fact supporting the habeas court's determination that Mastronardi's performance was not deficient were clearly erroneous. We are not persuaded that this determination is debatable among jurists of reason, that a court could resolve the issue differently, or that it deserves encouragement to proceed further. See *Farnum* v. *Commissioner of Correction*, supra, 118 Conn. App. 674. Therefore, the habeas court did not abuse its discretion by denying the petition for certification to appeal as to this issue.

Next we address the petitioner's claim that Mastronardi provided ineffective assistance by failing to investigate and to discover information to impeach the state's evidence. Specifically, the petitioner alleges that Mastronardi never showed him the statement of Anthony Castle Mayo, in which Mayo said the petitioner admitted to committing the underlying crimes.[5] Here again, the habeas court credited the testimony of Mastronardi, who testified that he had reviewed all witness statements and police reports with the petitioner and that he did not investigate Mayo's statement to the police because he had no reason to question the veracity of Mayo's statement, which was very similar to the victim's account of the crime. As the habeas court appropriately noted, the petitioner did not provide any evidence that any additional investigation by Mastronardi would have

---

[5] When Mayo was arrested by the Waterbury police on unrelated charges, he identified the petitioner as one of the assailants in the robbery and assault and told the police that the petitioner had admitted to committing those crimes.

aided the defense's case. The burden to demonstrate the benefit of additional investigation is on the petitioner. *Holley* v. *Commissioner of Correction*, 62 Conn. App. 170, 175, 774 A.2d 148 (2001). Therefore, the petitioner cannot succeed on the prejudice prong of the *Strickland* test. We are not persuaded that the habeas court's determination regarding prejudice is debatable among jurists of reason, could be decided differently, or deserves encouragement to proceed further. See *Farnum* v. *Commissioner of Correction*, supra, 118 Conn. App. 674. We conclude, therefore, that the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.