STEVEN D. CORREIA *v.* COMMISSIONER
OF CORRECTION
(AC 34147)

DiPentima, C. J., and Robinson and Bear, Js.

Argued February 14—officially released April 30, 2013

*Sarah F. Summons*, assigned counsel, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Michael Dearington*, state's attorney, and, on the brief, *Sean P. McGuinness*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Steven D. Correia, appeals from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus. The petitioner claims that the habeas court improperly rejected his claims that his counsel provided ineffective assistance by failing (1) to adequately challenge the victim's in-court identification of the petitioner and (2) to recuse himself from representing the petitioner in a prior habeas proceeding due to a conflict of interest. We are not persuaded and affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's claims. The petitioner carjacked two women at gunpoint in a parking lot at night, forcing one into the trunk of the vehicle and later robbing and sexually assaulting the other. See *State* v. *Correia*, 33 Conn. App. 457, 458–59, 636 A.2d 860, cert. denied, 229 Conn. 911, 642 A.2d 1208, cert. denied, 513 U.S. 898, 115 S. Ct. 253, 130 L. Ed. 2d 174 (1994). After they were released by the petitioner, the women went to a local hospital where the police were contacted. Id., 460. The following morning, the sexual assault victim was unable to identify anyone from photographs that were shown to her by the police. Five years later, however, the police contacted her and asked her to review a photographic array, from which she immediately identified the petitioner as her assailant. Id. Following a jury trial at which the sexual assault victim again identified the petitioner in court as the perpetrator, the petitioner was convicted of sexual assault in the first degree in violation of General Statutes (Rev. to 1981) § 53a-70 (a), two counts of kidnapping in the first degree in violation of General Statutes (Rev. to 1981) § 53a-92 (a) (2) (A) and (B), and robbery in the first degree with a firearm in violation of General Statutes § 53a-134 (a) (4). Id., 458, 464. His conviction was affirmed on appeal. Id., 457. The petitioner next unsuccessfully petitioned for a writ of habeas corpus, first in federal District Court and then in state court; both judgments were later affirmed on appeal. See *Correia* v. *Meachum*, 201 F.3d 430 (2d Cir. 1999), cert. denied, 529 U.S. 1111, 120 S. Ct. 1965, 146 L. Ed. 2d 797 (2000); *Correia* v. *Rowland*, 263 Conn. 453, 820 A.2d 1009 (2003).

In 2007, the petitioner commenced the present habeas action. The petitioner filed the operative second amended petition for a writ of habeas corpus in May, 2010, alleging ineffective assistance of his counsel,

attorney Francis Mandanici, who had acted as his trial counsel, appellate counsel, habeas counsel, and appellate habeas counsel.[1] The petitioner claimed, inter alia, that Mandanici was ineffective during the criminal trial because he failed to request that any identification of the petitioner by the victim in court be conducted by means of a lineup or some other less suggestive procedure than a one-on-one identification. The petitioner also claimed that Mandanici was ineffective as habeas counsel because, inter alia, he had a conflict of interest as a result of representing the petitioner during the criminal trial, and he failed to recuse himself on that ground. Following a trial, the habeas court issued a memorandum of decision denying the petition for a writ of habeas corpus.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Morris* v. *Commissioner of Correction*, 131 Conn. App. 839, 842, 29 A.3d 914, cert. denied, 303 Conn. 915, 33 A.3d 739 (2011).

"A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment." (Internal quotation marks omitted.) *Gooden* v. *Commissioner of Correction*, 127 Conn. App. 662, 668, 14 A.3d 1066, cert.

---

[1] An allegation of actual innocence was withdrawn on the first day of the habeas trial.

denied, 301 Conn. 913, 19 A.3d 1259 (2011). "In *Strick-land* [v. *Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court held that [j]udicial scrutiny of counsel's perfor-mance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the chal-lenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) *Minnifield* v. *Com-missioner of Correction*, 62 Conn. App. 68, 71–72, 767 A.2d 1262, cert. denied, 256 Conn. 907, 772 A.2d 596 (2001).

"To satisfy the prejudice prong, a claimant must dem-onstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . With respect to the prejudice component, [i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . . A court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim." (Internal quotation marks omitted.) *Gooden* v. *Commissioner of Correction*, supra, 127 Conn. App. 668.

Finally, in those cases in which a habeas corpus peti-tioner claims ineffective assistance of counsel because of a claimed conflict of interest, our Supreme Court has stated that, "to establish a violation of the sixth amendment the defendant has a two-pronged task. He

must establish (1) that counsel actively represented conflicting interests and (2) that an actual conflict of interest adversely affected his lawyer's performance." (Internal quotation marks omitted.) *Day* v. *Commissioner of Correction*, 118 Conn. App. 130, 137, 983 A.2d 869 (2009), cert. denied, 294 Conn. 930, 986 A.2d 1055 (2010).

Turning to the claims of ineffective assistance raised in the present appeal, the habeas court found that although a review of the trial transcript revealed that Mandanici misunderstood the procedure for obtaining an in-court identification by lineup, even erroneously suggesting that the prosecution rather than the defense had the burden of moving for such a lineup; see *State* v. *Tatum*, 219 Conn. 721, 729, 595 A.2d 322 (1991); Mandanici nevertheless "zealously advocated for the petitioner, trying to have him absent from the court-room or identified by lineup." Further, even assuming deficient performance on the part of Mandanici, the habeas court found that the petitioner's claim of ineffective assistance failed because the petitioner had not produced any evidence that the sexual assault victim would not have been able to identify the petitioner if an in-court lineup had been ordered or that the outcome of the criminal trial would have been different if Mandanici properly had moved for an in-court identification of the petitioner by lineup.

The habeas court further rejected the claim that Mandanici provided ineffective assistance by acting as the petitioner's counsel in the first habeas proceeding or by failing to recuse himself on the basis of a conflict of interest. The habeas court noted that although it often would be better practice for someone other than trial counsel to represent a petitioner in a subsequent habeas action, there is no authority prohibiting trial counsel from also assuming the role of habeas counsel. The habeas court also found that the petitioner failed

to demonstrate that, by acting as his habeas counsel, Mandanici either "actively represented conflicting interests" or that "an actual conflict of interest adversely affected . . . Mandanici's performance." See *Day* v. *Commissioner of Correction*, supra, 118 Conn. App. 137. The court reasoned that the first habeas trial did not involve any claims of ineffective assistance of counsel, which would have raised a potential conflict, but "consisted solely of a legal issue, and the record demonstrates that . . . Mandanici zealously litigated the claim."

After carefully reviewing the record and all applicable law, we conclude that none of the findings supporting the habeas court's denial of the petition for a writ of habeas corpus were clearly erroneous, nor do we find error with the court's legal conclusions. On the basis of our plenary review, we conclude that the habeas court properly denied the petitioner's second amended petition for a writ of habeas corpus.

The judgment is affirmed.