BRENT J. MORROW *v.* COMMISSIONER
OF CORRECTION
(AC 34244)

Gruendel, Bear and Dupont, Js.

Argued October 23—officially released December 17, 2013

*Mary Boehlert,* assigned counsel, for the appellant (petitioner).

*Margaret Gaffney Radionovas,* senior assistant state's attorney, with whom, on the brief, were *David S. Shepack,* state's attorney, and *Terri L. Sonnemann,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

GRUENDEL, J. The petitioner, Brent J. Morrow, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance. We conclude that the court properly denied the petition for certification to appeal and, accordingly, dismiss the petitioner's appeal.

The following factual and procedural history, as set forth by the court in its memorandum of decision, is relevant to the resolution of this appeal. "On November 10, 2005, the petitioner, represented by Public Defender Christopher Cosgrove, entered a plea of guilty under the *Alford* doctrine[1] . . . to a charge of robbery in the first degree . . . . The state indicated that the agreed upon disposition was a sentence of seven years [imprisonment] suspended after time served, and five years of probation.

"The trial court, *Gill, J.*, then canvassed the petitioner." The court informed the petitioner that the maximum penalty for the crime for which he pleaded guilty was twenty years imprisonment. The petitioner agreed that he understood the nature of the crime and the possible penalties that he faced. After completing the canvass, the trial court accepted the plea.

"Thereafter, the court inquired whether counsel 'wanted to be heard on bond,' and a discussion on the record ensued. Cosgrove proposed that the court release the petitioner on a promise to appear subject to conditions that the petitioner live with his aunt, [that he] obey her house rules, 'that he stay out of trouble,' and that he appear for sentencing on January 20. Cosgrove then added: 'He understands if he were not to do that, he could face an additional charge of failure to appear, and that his plea bargain that we worked out will be null and void.' "

After recital of several other conditions of release, the court stated: "Also, if he gets arrested for anything during this period of time with probable cause all deals are off," to which the assistant state's attorney added, "[a]nd he could be sentenced up to the maximum of the statute." The court once again reiterated that "[the

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

petitioner is] to understand if he gets in any trouble again, he can be arrested with probable cause, and he's back in the yellow suit again and all deals are off. If he doesn't show up for the sentencing, all deals are off." Without further comment from the petitioner, the court then set sentencing for January 20, 2006.

Sentencing took place on May 5, 2006.[2] At that time, the "state represented that, during the previous week, the petitioner had been arrested in Hamden on charges of robbery in the second degree, larceny in the sixth degree, and interfering with the police. The court responded that it had reviewed a police report and a typed witness statement, and that it found probable cause for the arrest. The state indicated that it had supplied copies of those documents to Cosgrove, and it entered the reports into the record as exhibits.

"The state next made sentencing remarks and requested a sentence of twenty years. Cosgrove then made a motion to withdraw the petitioner's plea as follows: 'First of all, I am aware of the most recent State Supreme Court case on this matter of these *Garvin*[3] plea canvasses. [*State* v. *Stevens*, 278 Conn 1, 895 A.2d 771 (2006)] was just released this week, Your Honor, and I do appreciate the import of that. But I believe that, still at this point, it's up to the court—the court has the discretion as to whether or not to proceed with a sentencing. I would ask the court to consider today to allow [the petitioner] to withdraw his plea and to proceed with this case, to increase his bond for sure but to—to withdraw his plea. And just a moment ago as we stood before you, [the petitioner] asked me to ask you for a continuance so that he could obtain private counsel for that purpose, Your Honor.'

---

[2] There is no indication in the record as to why sentencing was delayed from January 20, 2006, to May 5, 2006. The petitioner has not raised this issue on appeal.

[3] See *State* v. *Garvin*, 242 Conn. 296, 300–302, 699 A.2d 921 (1997).

"The state opposed the motion, and the court denied it without further comment. The court then heard sentencing remarks from Cosgrove and the petitioner. The court thereupon imposed a sentence of eight years to serve followed by four years of special parole. The petitioner, at Cosgrove's request, received notice of his right to sentence review. There was no discussion of a right to appeal."

On December 8, 2006, the petitioner filed a petition for a writ of habeas corpus and amended this petition on September 1, 2010, setting forth one count of ineffective assistance of counsel against Cosgrove and a second count reciting a violation of due process under both the state and federal constitutions. The habeas court denied the petition for writ of habeas corpus on October 29, 2010. The court first noted that the petitioner was procedurally defaulted by not raising "either of the themes that he now presses . . . he did not attempt to argue that there was no *Garvin* plea or *Garvin* violation." It stated that the petitioner could overcome the defense of procedural default, however, if he could show that Cosgrove's deficient performance was the cause of the default and that he was prejudiced by the deficient performance. The court thereafter concluded that the petitioner failed to prove both deficient performance and resultant prejudice, as required by *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner thereafter filed a petition for certification to appeal, which the court denied. This appeal followed.

The petitioner claims that the habeas court abused its discretion when it denied his petition for certification to appeal and rejected his claim that his trial counsel rendered ineffective assistance. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the

two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion . . . in which the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction*, 118 Conn. App. 670, 674, 984 A.2d 1126 (2009), cert. denied, 295 Conn. 905, 989 A.2d 119 (2010). "Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Internal quotation marks omitted.) Id.

"We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, [supra, 466 U.S. 687], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2)

that the deficient performance prejudiced the defense [by establishing a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different]. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. Furthermore, [i]n a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . *but by demonstrable realities.*" (Citation omitted; emphasis in original; internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction,* supra, 118 Conn. App. 674–75. "[A] successful petitioner must satisfy both prongs . . . [and the] failure to satisfy either . . . is fatal to a habeas petition." (Internal quotation marks omitted.) *Saucier* v. *Commissioner of Correction,* 139 Conn. App. 644, 650, 57 A.3d 399 (2012), cert. denied, 308 Conn. 907, 61 A.3d 530 (2013).

We agree with the habeas court's conclusion that the petitioner has failed to prove prejudice under *Strickland.* "[T]o show prejudice [when counsel fails to apprise a defendant of his or her appellate rights], a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." (Internal quotation marks omitted.) *Shelton* v. *Commissioner of Correction,* 116 Conn. App. 867, 879, 977 A.2d 714, cert. denied, 293 Conn. 936, 981 A.2d 1080 (2009). "[W]hether a given defendant has made the requisite showing will turn on the facts of a particular case. . . . [E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." (Internal quotation marks omitted.) *Ghant* v. *Commissioner of Correction,* 255 Conn. 1, 10, 761 A.2d 740 (2000).

In his appellate brief, the petitioner argues that he was prejudiced because Cosgrove did not advise him of his appellate rights after the court denied his attempt to withdraw his plea. Although he claims this failure led to a denial of his due process rights, the petitioner has not cited any legal basis for such an appeal, nor did he testify as to any legal basis for an appeal at the habeas hearing. There is, therefore, no evidence to establish that the petitioner would have filed a timely appeal had he been advised to do so. The petitioner's ineffective assistance of counsel claim thus fails. As a result, the habeas court did not abuse its discretion when it denied the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.